**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                          CASE NO.  3:05-cr-159(S2)-J-32HTS

RONALD ROBERT EVANS, SR., et al.

## O R D E R

This cause is before the Court on Ronald Robert Evans, Sr.'s Motion to Suppress Evidence Derived from Constitutionally Invalid Search Warrant Identified as the Warrant Filed under Case Number 3:05-m-0182 (Second Search of Residence) (Doc. #249; Motion), which, via the memorandum filed in support thereof, raises the issue of whether certain documents were in fact submitted with a search warrant application reviewed by the undersigned.  *See* Ronald Robert Evans, Sr.'s Memorandum of Law in Support of Motion to Suppress Based on Invalidity of Search Warrant Identified as 3:05-m-0182 (Second Search of Residence) (Doc. #250) at 3-4.  The documents, if submitted, are no longer present in the Court's file.  In light of the intervening months, the undersigned at this time has no certain recollection of the contents of the submission in question.  However, based on the

procedure employed over the years the Court is confident the materials were submitted and subsequently misplaced in connection with copying or otherwise.[1]

A judge should avoid circumstances in which he would be called upon to pass on his own credibility.  *See, e.g.*, *Tyler v. Swenson*, 427 F.2d 412, 415 (8th Cir. 1970).  Moreover, 28 U.S.C. § 455(a) and (b)(1) mandate recusal when a judge has "personal knowledge of disputed evidentiary facts concerning the proceeding" or "his impartiality might reasonably be questioned."  These propositions indicate self-disqualification is warranted herein.  Regretfully, then, the undersigned hereby **RECUSES** himself from further proceedings in this action.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of December, 2005.

/s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
  *pro se* parties, if any

---

[1] It is the Court's practice in scrutinizing a search warrant application to compare the attachments thereto with those submitted as part of the proposed warrant.  Based on this observation, the undersigned believes attachments A and B to the application were present and identical to those ultimately issued as part of the warrant except for the inked modifications.  Further, all references to exhibits generally prompt an immediate check for the corresponding documents.